# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JANE DOE 1, Individually and as Parent and Next Friend of JANE DOE 2; JANE DOE 2; JANE DOE 3, Individually and as Parent and Next Friend of JANE DOE 4; and JANE DOE 4, <br><br>Plaintiffs, <br><br>vs. <br><br>NORWALK COMMUNITY SCHOOL DISTRICT, <br><br>Defendant. | CASE NO.: 4:18-cv-00446-RGE-CFB <br><br>**ORDER ON DISCOVERY** |

A status conference was held on September 4, 2019. Appearing were Andrew Heiting-Doane for Plaintiffs and Janice Thomas for Defendant. In addition to the status of the case and discovery management, we discussed Plaintiff's Motion for Protective Order and to Quash Defendant's Subpoena Duces Tecum (ECF 38, filed August 30, 2019). Additional time is required to allow counsel to continue their meet-and-confer efforts to resolve or narrow pending discovery disputes.

The following schedule is set:

1. This five-day jury trial is set before Judge Rebecca Goodgame Ebinger to begin on June 22, 2020. The Final Pretrial Conference is set before Judge Rebecca Goodgame Ebinger at 9:00 a.m. on June 4, 2020. Both are at the U.S. Courthouse in Des Moines, Iowa. This case involves claims for damages by Jane Does 2 and 4, resulting from sexual assaults they alleged occurred while they were at school-sponsored events, under the supervision of Defendant. The Complaint was filed on November 16, 2018, while Jane Doe 2 was a minor; she reached majority

age in March 2019. Jane Does 3 and 4 have provided patient waivers relating to treatment Jane Doe 4 received.

2. The schedule for disclosure of experts has previously been extended, and will remain as set. This issue may need to be addressed at the next hearing, depending upon when discovery is completed regarding medical treatment Plaintiffs received.

    a. Plaintiffs' Expert Witnesses identified (plus reports) by September 17, 2019.
    b. Defendant's Expert Witnesses identified (plus reports) by November 18, 2019.
    c. Plaintiffs' Rebuttal Experts identified by December 4, 2019.

3. Discovery closes December 5, 2019; the Dispositive Motion deadline is February 10, 2020.

4. The status of discovery was discussed. Issues remain that may be the subject of future motions or will be included in Defendant's response to Plaintiff's Motion for Protective Order, depending upon what happens in relation to discovery from Plaintiff Jane Doe 2 about her ongoing treatment, and her claims for damages.

Defendant has scheduled Jane Doe 2's deposition for September 23, 2019. Before taking this deposition, Defendant anticipated receiving records from the single treatment provider Jane Doe 2 identified in her Initial Disclosures. These records were requested by Defendant using the *Supboena Duces Tecum*, discussed below.

Defendant stated that it had not yet received answers from Plaintiffs to written discovery or updated Initial Disclosures, so it was unaware that Jane Doe 2 may have additional treatment providers with relevant records. Defendant then noted that its discovery had not been propounded to Jane Doe 2; it will do this by September 6, 2019.

By September 10, 2019, all Plaintiffs shall update their Initial Disclosures, so that Defendant is aware of other discovery that needs to be propounded or scheduled. Plaintiffs shall

respond to Defendant's discovery requests by October 7, 2019, including any objections or a Privilege Log for any information not produced, for which a privilege is claimed. Plaintiff Jane Doe 2 shall supplement her Motion for Protective Order, specifying the limitations on discovery that she requests, no later than October 7, 2019.

Defendant stated that it did not need complete answers to written discovery before taking Jane Doe 2's deposition, but that it did require the notes or reports of all of her treatment providers. This request is the subject of Plaintiff's Motion to Quash and for Protective Order (ECF 38). Defendant also plans on requesting that Jane Doe 2 submit to at least one Fed. R. Civ. P. 35 Independent Medical Exam (IME), but was waiting to receive Plaintiff's treatment records before scheduling this IME. Fed. R. Civ. P. 35 provides that when a person puts their physical or mental condition in controversy, the Court may require them to submit to a physical or mental examination (or both). The Court needs to determine good cause for the examinations, and that the person conducting the examination is suitably licensed or certified. Jane Doe 2 would be entitled to receive copies of any examiners' reports. Pursuant to Fed. R. Civ. P. 35(b)(4), by obtaining the examiners' reports, or deposing the examiners, Jane Doe 2 waives any privilege she might have in this action, or any other action involving the same controversy, concerning testimony about all examinations for the same condition. The Court is sympathetic to Jane Doe 2's need for treatment and acknowledges that she has an ongoing relationship with some of her treatment providers which could be impacted by this litigation. Absent extraordinary circumstances, it is unlikely that all discovery on the issue of Plaintiff's physical and mental health will be barred, particularly if she continues to assert her claim for damages for physical and mental injury, emotional distress, and future damages. Until there is a better understanding of the nature and type of treatment records Defendant seeks, including whether an *in camera*

inspection of any records is required, or whether the parties can agree to limitations on certain discovery and disclosure of Plaintiff's treatment records, the Court cannot rule on Plaintiff's Motion for Protective Order.

5. Plaintiff's Motion to Quash relates to the *Subpoena Duces Tecum* sent to Jeremy Overbaugh, L.I.S.W., is granted, either until Jane Doe 2 reauthorizes the release of this information, or the Court rules as to the scope of this discovery and compels discovery. Counsel will continue their meet-and-confer process to attempt to resolve or narrow this dispute.

As stated in her Motion for Protective Order, when Jane Doe 2 was a minor, Jane Doe 1 (Jane Doe 2's mother) signed patient waivers on her behalf. In May 2019, after Jane Doe 2 reached age 18, she also signed patient waivers for the disclosure of her treatment records; these were provided to counsel for Defendants. Using these waivers, Defendants issued a *Subpoena Duces Tecum* to Overbaugh, the only treatment provider named by Jane Doe 2 in her Initial Disclosures, requesting that by August 12, 2019, he produce all his treatment notes and other documents relating to the care he provided (and continues to provide) to Jane Doe 2. (ECF 38-1). Overbaugh did not contact Defendant's counsel in response to the *Subpoena Duces Tecum*. On August 20, 2019, he sent a letter to Plaintiff's counsel, (ECF 38-3), stating that Jane Doe 2 told him that she rescinded her patient waiver, so the records are protected by the therapist-client privilege. He requested that Plaintiff's counsel assert the privilege in a Motion to Quash the Subpoena. Additionally, the therapist provided his professional opinion that disclosure of Jane Doe 2's medical records would carry a "substantial risk of harm to her mental and emotional well-being." He offered to provide a treatment summary or notes from clinical observations as they relate to the "issues of this case." Relying on Fed. R. Civ. P. 26(c) in her Motion for Protective Order, Plaintiff requests that the Court issue an order barring Defendant from

4

discovering any records related to her mental health treatment, and to prohibit Defendant from inquiring as to the identity of any other treatment providers, or consultants, on the issue of Jane Doe's mental health.

Plaintiff's counsel stated that Jane Doe 2 has rescinded her waivers of medical information and requested Defendant not to rely upon them to obtain any discovery material from Plaintiff's medical or treatment records. Plaintiff's counsel noted that Jane Doe 2 told him that she had a second mental health treatment provider, whose identity she would not disclose, and that this provider referred her to a third treatment provider. According to Jane Doe 2, the third treatment provider declined to accept her as a client, due to concerns about production of her treatment records via a *Supboena Duces Tecum*, or at a deposition or trial. It was not clear whether the third potential treatment provider declined to accept her as a client due to his personal aversion to the litigation process, or due to his opinion that it would not be in the best interest of Jane Doe 2 for her medical and treatment records to be disclosed.

As Defendant has agreed not to pursue discovery premised upon the patient waivers which Jane Doe 2 revoked, the Plaintiff's Motion to Quash (ECF 38) is granted.

Defendant is entitled to time to respond to the Motion for Protective Order, and counsel need additional time to meet-and-confer as to the scope of discovery. If they can agree upon a Protective Order that appropriately addresses Plaintiff's concerns regarding the disclosure and use of her treatment records, the scope of deposition questions for Jane Doe 2 or others, and the scope of any Fed. R. Civ. P. 35 IME, the parties shall submit a Proposed Protective Order by November 1, 2019, or sooner. By November 1, 2019, if the parties cannot reach agreement as to the scope of discovery relating to Plaintiff's treatment, and the basis for her claim for damages, Defendant shall resist Plaintiff's Motion for Protective Order.

Once the issues relating to the Plaintiff's Motion for Protective Order are fully briefed, the Court will set a hearing to discuss the scope of discovery, or limitations on Jane Doe 2's claims for damages, pursuant to Fed. R. Civ. P. 26(c), 35, and 37(d).  Jane Doe 2 is reminded that pursuant to Fed. R. Civ. P.  37, she has an obligation to attend her own deposition, serve answers to interrogatories, and that, absent good cause shown, failure to do so can result in the imposition of sanctions, which can include dismissal of claims in addition to costs and attorneys' fees, caused by a party's failure to cooperate in completion of discovery.  If a party fails to disclose or provide information as required by Fed. R. Civ. P. 26, that party can be barred from using that information in evidence.

IT IS SO ORDERED.

Dated this 5th day of September, 2019.

**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**