IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JANE DOE 1, individually and as Parent and Next Friend of Jane Doe 2, JANE DOE 2, JANE DOE 3, Individually and as Parent and Next Friend of Jane Doe 4, and JANE DOE 4,<br><br>Plaintiffs,<br><br>v.<br><br>NORWALK COMMUNITY SCHOOL DISTRICT,<br><br>Defendant. | Case No. 4:18-cv-00446<br><br><br><br>**PROTECTIVE ORDER** |

For good cause including, without limitation, the proprietary and confidential nature of information likely to be disclosed during the course of discovery and trial of this case,

IT IS HEREBY ORDERED THAT:

(1) Materials and information protected by this Order (hereinafter referred to as "Protected Materials") include any materials so designated by any party in accordance with Paragraphs 2 and 3, which shall include, but not be limited to: (a) student education records protected under the Family Educational Rights and Privacy Act ("FERPA") or that are otherwise confidential and (b) any Plaintiff's medical or mental health records.

(2) Any party to this action may designate as "Confidential" documents (including electronically stored information), responses to requests for information or

documents, deposition transcripts, hearing testimony, and any other documents, materials and information heretofore or hereafter produced or disclosed by any party to this action, as well as "Confidential – For Attorneys' Eyes Only" documents (collectively referred to as "Protected Materials"), that are the records, documents, or summary of the medical or mental health records or documents of any Plaintiff, or documents containing discussion of such treatment (including deposition transcripts).

(3) At the time of production, Protected Materials should be stamped or designated with the word "Confidential" or "Confidential – For Attorneys' Eyes Only" or identified by production number or other suitable description in a letter accompanying the production. Inadvertent failure to make a "Confidential" or "Confidential – For Attorneys' Eyes Only" designation prior to production will not prevent a subsequent confidentiality designation. Medical and mental health records of any Plaintiff, and all documents containing summaries, excerpts, or discussion of medical or mental health records of any Plaintiff (including deposition transcripts) are automatically considered Confidential – For Attorneys' Eyes Only without designation by stamping. If the document or its contents have already been disclosed by the receiving party to individuals other than the individuals identified in Paragraphs 4 or 6; such documents will thereafter be deemed Protected Material. Any use of such documents prior to actual notice of designation as "Confidential" will not constitute a violation of this Order. If a party seeks any portions of deposition transcripts designated "Confidential" or "Confidential – For Attorneys' Eyes Only," the party must notify opposing parties, in writing, within 10 days of receiving the official transcript of the deposition, specifying the pages and lines to be

designated "Confidential" or "Confidential – For Attorneys' Eyes Only." Portions of a deposition transcript may be tentatively designated as "Confidential" or "Confidential – For Attorneys' Eyes Only" on the record, but must also be designated in writing as set forth above.

(4) Protected Materials may only be used by the persons identified in Paragraph 6 for purposes of this litigation or any appeals therefrom. Protected Materials may not be used for any other purpose whatsoever. Protected Materials which include Any Plaintiff's medical or mental health records may only be used by the attorneys, employees of such attorneys whose access to Protected Materials are necessary for purposes of preparation, trial, appeal, or settlement of this litigation, and the attorneys' mental health advisors for purposes of this litigation or any appeals therefrom. Protected Materials of Any Plaintiff's medical or mental health records may not be used for any other purpose whatsoever.

(5) Protected Materials may not be disclosed in any manner, directly or indirectly, to any person other than "Qualified Persons" as defined in Paragraphs 4 and 6(a)–(j) of this Order.

(6) "Qualified Persons" as used in this Order means:

    a. Persons who appear on the face of the Protected Material as an author, addressee, or recipient of the Protected Material or who would have had access in the course of employment to the Protected Material;

    b. Any deponent in the course of the deponent's deposition testimony;

    c. Any witness called to testify at trial in the course of the witness's trial testimony;

    d.    Attorneys of record and employees of such attorneys whose access to Protected Materials are necessary for purposes of preparation, trial, appeal, or settlement of this litigation;

    e.    A party's in-house counsel, and legal staff and employees, whose access to Protected Materials are necessary for the purposes of preparation, trial, appeal, or settlement of this litigation;

    f.    Independent third parties retained or used by attorneys of record in this litigation solely for the purposes of preparation, trial, appeal, or settlement of this litigation;

    g.    Court reporters;

    h.    Named parties, and officers and employees of corporate parties, who are working on this litigation and to whom it is necessary that Protected Materials be shown for purposes of preparation, trial, appeal, or settlement of this litigation; and

    i.    The Court and any of its staff and personnel.

    j.    For the purposes of this Order, the definition of "Qualified Persons" does not pertain to any Plaintiff's medical or mental health provider records. Those individuals with access to the Protected Materials of any Plaintiff's medical or mental health provider records and documents are limited to those provided in paragraph 4.

(7)    Any person listed in Paragraph 6(f) who has received any Protected Materials must:

    a.    Read this Order;

    b.    Use such Protected Materials only for the purposes allowed by this Order;

    c.    Not disclose or discuss Protected Materials except as authorized by this Order;

    d.    Not use Protected Materials except as necessary for the prosecution or defense of this action or otherwise authorized by this Order; and

    e.  sections 7(a)–(d) of this Order does not apply to any independent third party listed in Paragraph 6(d) that performs a purely administrative function for attorneys of record in this litigation, including but not limited to copying or document management.

  (8) If any party files Protected Materials with the Court, for any purpose, including supporting a discovery motion, dispositive motion, pretrial motion, or post-trial motion, the party must move to file the Protected Materials under seal.

  (9) This Order does not limit or waive the right of any party to object to the scope of discovery in the above-captioned action or to the admissibility at trial of any proffered evidence, documentary or otherwise.

  (10) This Order does not constitute a finding or evidence that any of the information disclosed or contained in the produced or designated documents and testimony is or is not confidential or proprietary in nature. This Order does not preclude any party from challenging the designation of testimony or material as Protected Materials by presenting the issue to the Court.

  (11) This Order permits documents designated as "Confidential – For Attorneys' Eyes Only" to be summarized by the parties in order to appropriately advise clients as to the relevant facts of the case.

  (12) At the conclusion of this case, all Protected Materials (and copies thereof) in the possession, custody, or control of a recipient party and the recipient party's attorneys must be (a) destroyed or (b) maintained in the possession, custody, or control of the recipient party's attorneys and withheld from all other persons. Those Protected

-6-

Materials must be maintained in the regular course of business and in accordance with the recipient party's attorneys' document retention policies and practices.

(13) All produced Protected Materials remain property of the producing party. The recipient party and the recipient party's attorneys must appropriately safeguard Protected Materials.

(14) If the parties do not agree how to handle Protected Materials at trial, the Court will direct how such materials shall be handled.

(15) The foregoing is without prejudice to the right of any party to apply to the Court for a modification of this Order upon a showing of good cause.

(16) The terms of this Order do not supersede and are subject to the Federal Rules of Civil Procedure and the Federal Rules of Evidence.